30 F.3d 129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sheree Elizabeth HARRELL, Plaintiff-Appellant,
v.
Joseph Michael HUTSON; Lou Nieper, d/b/a J. Michael's
Philly Deli, Defendants-Appellees.
 No. 93-2514.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1994.
Decided July 27, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-92-54-7-CIV-BR)
 William R. Fewell, Jr., Wilmington, N.C., for appellant.
 John D. Martin, Marshall, Williams & Gorham, Wilmington, N.C., for appellees.
 E.D.N.C.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before CHAPMAN, Senior Circuit Judge, ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation, and KNAPP, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Sheree Elizabeth Harrell originally filed a Title VII action alleging that various actions taken by the individual appellees (i) created a hostile work environment and (ii) led to her retaliatory discharge. The district court granted appellees' motion for summary judgment on both claims. Shortly after the district court granted summary judgment the United States Supreme Court made clear that sexual harassment need not affect an employee's psychological well-being in order for that employee to make out a hostile work environment claim. Harris v. Forklift Sys., 114 S.Ct. 367, 370-71 (1993). Because the district court did not have the benefit of Harris when it granted summary judgment on appellant's hostile work environment claim, and because the record indicates that the district judge gave substantial weight to the fact that appellant had not produced evidence regarding "significant" psychological impairment suffered as a result of the allegedly hostile work environment, we vacate entry of summary judgment on appellant's hostile work environment claim and remand for reconsideration in light of Harris . But we affirm the district court's summary judgment ruling with respect to appellant's retaliatory discharge claim, as the record indicates that there is no genuine triable issue of material fact on this claim.
 
 I.
 
 2
 Appellant was employed as a waitress at J. Michael's Philly Deli ("Deli"), a restaurant owned and operated by the individual appellees, from November 1983 until April 25, 1991. She contends she and other female employees at the Deli were subjected to "unwanted touching, fondling, patting and kissing, requests and demands for sexual favors, propositions, questions about personal sexual practices, lewd comments, sexual insults, innuendoes [sic], threats and sexually explicit jokes, and leering and obscene gestures." In early 1991, appellant was approached by two other female Deli employees who told her they were being sexually harassed by a cook at the Deli, apparently the same cook that had earlier subjected appellant to sexual harassment. Following this, appellant informed appellees that she wanted to discuss the issue of sexual harassment at the next staff meeting. She was told that this would be inappropriate and that appellees would handle the situation.
 
 
 3
 Although appellant ultimately did not mention the issue of sexual harassment at the staff meeting, she claims her relationship with appellees deteriorated after she threatened to air her concerns. Shortly after the staff meeting appellant, though recently promoted to head waitress, was fired, purportedly because of a dispute between appellant and appellees regarding the destruction of display stands on a counter at the Deli.[1] Appellant contends that the reasons proffered by appellees for her termination are pretextual.
 
 
 4
 After receiving a right to sue letter from the EEOC, appellant brought a Title VII action alleging a hostile work environment and discriminatory discharge. Appellees' motion for summary judgment was granted by the district court on November 22, 1993. This appeal followed.
 
 II.
 
 5
 The district court's granting of summary judgment is reviewed de novo. Drewitt v. Pratt, 999 F.2d 774, 778 (4th Cir.1993). Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). While the underlying facts and all inferences are viewed in a light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); see Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979), the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in [her] favor," or other "significant probative evidence tending to support the complaint." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).
 
 III.
 
 6
 Appellant argues that the district court erred when, citing our decision in Paroline v. Unisys Corp., 879 F.2d 100 (4th Cir.1989), vacated in part on other grounds 900 F.2d 27 (4th Cir.1990)(en banc), it concluded that appellant's evidence "would not permit a reasonable trier of fact to conclude that a hostile atmosphere at Philly Deli interfered with plaintiff's ability to do her work or significantly affected her psychological well-being." (emphasis added); see Paroline, 879 F.2d at 105. Appellant contends this statement runs counter to the Supreme Court's decision in Harris v. Forklift Sys., 114 S.Ct. 367 (1993), decided nine days after the district court's decision in the instant case.
 
 
 7
 In Harris the Supreme Court, reaffirming Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57 (1986), held that Title VII is violated when the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. Harris, 114 S.Ct. at 370, citing Vinson, 477 U.S. at 64 (citations omitted). In the Court's words, Harris takes "a middle path between making actionable any conduct that is merely offensive and requiring the conduct to cause a tangible psychological injury." Id. A plaintiff may cross this "middle path" by showing either (1) that the conduct was severe or pervasive enough to create an objectively hostile or abusive work environment, or one that a reasonable person would find hostile or abusive, or (2) that the victim subjectively perceived the environment to be abusive and the conduct altered the conditions of the victim's employment. Id. What distinguishes Harris from earlier cases is the Court's determination that "[a] discriminatorily abusive work environment does not have to seriously affect an employee's psychological well-being" in order for the environment to detract from an employee's work performance, discourage an employee from remaining on the job, or keep an employee from advancing. Harris, 114 S.Ct. at 370-371 (emphasis added). Based on this rationale, the Harris Court held that a trial court erred in relying on whether challenged conduct "seriously affect[ed] plaintiff's psychological well-being" or led her to "suffer injury." Id. at 371.
 
 
 8
 In the case at bar, appellees, citing Paroline, argued that plaintiff was "comfortable with the environment" at the Philly Deli and did not suffer significant detrimental effects with respect to her work or psychological well-being. The district court also cited Paroline 's "significant impairment" language and emphasized that "in contrast to the evidence proffered in Paroline, plaintiff's psychiatric nurse testified in deposition that plaintiff did not ever mention sexual harassment to her, even though plaintiff regularly consulted with the nurse during her employment at Philly Deli." The district court's reliance on the lack of evidence regarding appellant's "significant" psychological impairment potentially conflicts with Harris. As the district court did not have the benefit of Harris when it granted summary judgment on appellant's hostile work environment claim, we vacate the district court's entry of summary judgment on the hostile work environment claim and remand for reconsideration in light of Harris.[2]
 
 IV.
 
 9
 Appellant also appeals the district court's entry of summary judgment on her retaliatory discharge claim. To survive summary judgment on this claim appellant had to establish a prima facie case of retaliatory discharge by showing:
 
 
 10
 1. that she engaged in protected activity or opposed a practice made unlawful by Title VII;
 
 
 11
 2. that the employer knew of her participation or opposition;
 
 
 12
 3. that the employer took adverse employment actions against her, and;
 
 
 13
 4. that there was a causal connection between the protected activity and the adverse action.
 
 
 14
 See McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir.1991); see also Magnuson v. Peak Tech. Services, 808 F.Supp. 500, 515 (E.D. Va.1992). In the alternative, appellant could have established a prima facie "mixed motives" case by showing that gender played a motivating part in her termination (the "mixed motive"), after which appellees could have avoided a finding of liability only by showing that they would have made the same decision even if a consideration of gender had not played an impermissible role in the decision. Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). The district court, after analyzing appellant's complaint under both "pretext" and "mixed motives" standards,[3] concluded that appellant failed to present sufficient evidence that she was discharged in retaliation for her complaints to appellees about sexual harassment.[4]
 
 
 15
 We affirm the district court's entry of summary judgement on appellant's discriminatory discharge claim. To support her claim, appellant offers little more than the allegations in her complaint, her own deposition testimony, and a brief discussion of one incident involving appellee Hutson.[5] Such evidence is not sufficient to prevent entry of summary judgment. Dismissal of a complaint is warranted as a matter of law in the absence of evidence, other than the plaintiff's conjectural testimony, that a particular incident, or series of incidents, was used as pretext for unlawful discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). While appellant may feel that appellees' actions were discriminatory a subjective belief that one has been discriminated against, no matter how fervent, cannot be the sole basis of judicial relief. Elliott v. Group Medical & Surgical Service, 714 F.2d 556, 567 (5th Cir.1983), cert. denied sub nom. Elliott v. Group Hosp. Service, Inc., 467 U.S. 1215 (1984); see also Moore v. Reese, 817 F.Supp. 1290, 1295 (D.Md.1993). Rather plaintiff, as the non-moving party, must submit evidence in the form of affidavits, depositions, or other filings, indicating that there is a genuine triable fact. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Appellant simply does not present such evidence here. Thus, the district court's entry of summary judgment on appellant's retaliatory discharge claim is affirmed.
 
 
 16
 Accordingly, the district court's judgment is affirmed in part, reversed in part, and remanded with instructions.
 
 
 17
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS
 
 
 
 [1]
 According to appellees, appellant, who held a second job at the "Golden Links" jewelry store, erected an unauthorized display case of Golden Links jewelry on a Deli counter. When ordered by appellees to remove this display, appellant instead removed a number of other, authorized displays, discarded them, and refused to reimburse appellees for their repair or replacement
 
 
 [2]
 Nothing in this Opinion should be read as indicating any view as to the merits of appellant's hostile work environment claim. Similarly, nothing in the Opinion should be read as limiting the district court's discretion whether to hold any additional hearings in this matter, or its discretion to determine what relief appellant may be entitled to, if any. See Landgraf v. USI Film Products, 114 S.Ct. 1483 (1994)
 
 
 [3]
 The district court analyzed plaintiff's claim under both standards for, as the Supreme Court has noted, the distinction between a pretext and a mixed motive case often becomes apparent only after discovery. Price Waterhouse, 490 U.S. at 247 n. 12
 
 
 [4]
 By establishing a prima face case of retaliatory discharge or impermissible mixed motive, a plaintiff creates a presumption that defendant unlawfully discriminated against her, see St. Mary's Honor Ctr v. Hicks, 113 S.Ct. 2742, 2747 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981), and the burden of production shifts to defendant(s) to "articulate some legitimate, non-discriminatory reasons for the employee's rejection." Burdine, 450 U.S. at 253, quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Once the employer articulates legitimate, non-discriminatory reasons for its actions, the burden shifts back to the plaintiff to show, by a preponderance of the evidence and with "a new level of specificity," that the employer's actions were pretextual. See Burdine, 450 U.S. at 255
 
 
 [5]
 Apparently, Hutson and appellant argued after Hutson indicated that appellant would have to pay for any damage to the authorized appellant had impermissibly removed from a Deli counter. Appellant argues that her discharge for purportedly damaging and destroying these displays was pretextual because "the displays had cost Appellees nothing, had not been kept on any presentable condition by the restaurant and could easily have been replaced."