Carol M. FORBES, Plaintiff,

v.

Marvin T. RUNYON, Jr., Postmaster General, Defendant.

No. 5:95–CV–14–H.

United States District Court, E.D. North Carolina, Western Division.

Jan. 13, 1997.

Order Granting in Part Motion to Amend, March 6, 1997.

Carol M. Forbes, Fayetteville, NC, for Plaintiff.

Bruce C. Johnson, Asst. U.S. Atty., Raleigh, NC, for Defendant.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter comes before this court on the plaintiff's motion to file new evidence and the defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motion for summary judgment was referred to the Honorable William Norton Mason, United States Magistrate Judge, who entered a Memorandum and Recommendation ("M & R") on October 31, 1996. The plaintiff Carol M. Forbes timely filed objections to the M & R on November 14, 1996, and a response was then filed by the defendant on November 21, 1996. The parties have filed a response and reply to the plaintiff's motion to file new evidence. These matters are ripe for adjudication.

The *pro se* plaintiff, a white female, alleges discriminatory conduct by her employer, defendant United States Postal Service ("USPS"), based upon her sex and race. Additionally, plaintiff makes claims of "pattern harassment" and retaliation for performing her duties as Equal Employment Opportunity Counselor/Investigator ("EEO C/I") and the filing of her EEO complaints.

■ The court notes that any pleadings drafted by *pro se* litigants are held to less stringent standards than those presented to the court by an attorney. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The court should liberally construe such documents. But, there are reasonable limits on how far the court should go to liberally construe a *pro se* litigant's pleadings. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277–78 (4th Cir.1985).

In an abundance of caution, the court will grant the plaintiff's motion to file new evidence. The court has read the affidavit in which plaintiff's union president purported to relate conversations with a USPS official about the real reason that plaintiff was terminated for use in an ad hoc position.

Summary judgment, authorized by Rule 56 of the Federal Rules of Civil Procedure, is to be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. Estate of *Kimmell v. Seven Up Bottling Co.,* 993 F.2d 410 (4th Cir.1993), *citing Celotex Corp.,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party bears the burden of coming forward with specific evidence to oppose summary judgment and show that there exists a genuine issue for trial. *Id.* and Fed.R.Civ.P. 56(e).

■ The plaintiff has brought this action pursuant to Title VII of the Civil Rights of 1964. In motions for summary judgment in Title VII cases, the availability of a presumption of illegal discrimination complicates the analysis of the facts. A plaintiff may make out a prima facie case of discrimination, at which point it is presumed that the defendant unlawfully discriminated against her. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In order to establish a discrimination claim under Title VII, the plaintiff must initially surmount the following four-part prima facie test:

(1) [s]he was in a protected [class]; (2)[s]he was discharged; (3) at the time of the discharge, [s]he was performing [her] job at a level that met [her] employer's legitimate expectations; and (4) following the discharge, [s]he was replaced by an individual of comparable qualifications outside the protected class.

*Mitchell v. Data General Corp.,* 12 F.3d 1310, 1315 (4th Cir.1993); *accord Williams v. Cerberonics, Inc.,* 871 F.2d 452, 455 (4th Cir. 1989); *McNairn v. Sullivan,* 929 F.2d 974 (4th Cir.1991). Once the plaintiff establishes

a prima facie case for racial discrimination, there exists a rebuttable presumption that the defendant and its employees discriminated against the plaintiff. *Monroe v. Burlington Industries, Inc.,* 784 F.2d 568, 571 (4th Cir.1986).

■ The magistrate judge found that the plaintiff failed to establish three of the four elements for a prima facie case of racial discrimination. The plaintiff contends that she is engaged in a protected activity in that she was properly performing her employment duties as the EEO C/I.[1] However, the plaintiff failed to show that she applied for and was qualified for the job at issue in the case. The court does not need to discuss the third and fourth elements because plaintiff's undisputed failure to apply for the position cut off this analysis at the second element.

■ However, even if one finds that the plaintiff met his initial burden of establishing a prima facie case of racial discrimination, the defendant may overcome this rebuttable presumption by articulating a legitimate, nondiscriminatory purpose for terminating the plaintiff's employment. *McNairn; Mitchell v. Data General Corporation,* 12 F.3d 1310, 1317 (4th Cir.1993). At that point, the burden shifts back to the plaintiff, requiring him to show that the reasons propounded by the defendant for terminating his employment was a pretext for a purely racial purpose. *E.g. id.,* 12 F.3d at 1314–1315. If the plaintiff succeeds in meeting its burden, then "the *presumption* created by the prima facie case is rebutted." *Id.,* at 1317.

■ The court agrees with the recommendation of the magistrate judge that if the plaintiff had successfully established a prima facie case of race or sex discrimination, the defendant overcame any rebuttable presumption that might have arisen in this matter. The affidavits and documents presented to the court by the defendant indicated that the plaintiff was not actually terminated but simply was not being utilized full-time in her capacity as Ad Hoc EEO C/I because of budgetary constraints.

Furthermore, the plaintiff was unable to overcome her burden by showing that the ground stated by the defendant for the plaintiff's termination was a mere pretext for the underlying discriminatory purpose. The plaintiff never presented sufficient evidence to illustrate the defendant's allegedly true grounds for terminating her employment. *See Villanueva v. Wellesley College,* 930 F.2d 124, 128 (1st Cir.), *cert. denied,* 502 U.S. 861, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991). The plaintiff merely made general assertions that the defendant's actions against her were done for a discriminatory purpose. *Williams,* 871 F.2d at 456; *Gairola v. Commonwealth of Virginia Dept. of General Services,* 753 F.2d 1281, 1288 (4th Cir.1985).

The plaintiff has filed an objection to the magistrate judge's M & R. Among her objections were (1) that the M & R did not demonstrate knowledge of the differences between EEO and Labor Relations; (2) that the plaintiff was appointed Ad Hoc EEO C/I by the Columbia, South Carolina Division—Eastern region vice Southern Region, the level where the decision for full time employment was made; (3) that "plaintiff objects to the representation of the race issue in her complaint;" (4) the misrepresentation of plaintiff's termination letter; (5) the omission and different interpretation of the "thank you" letter from Eddie Chavis, MCS Human resources Director; and, (6) that the defendant's budgetary reasoning was a pretext for termination of her position.

The court has thoroughly examined the objections of the plaintiff. Along with the new evidence filed with the court in the form of the affidavit of Tony McKinnon, the court is not persuaded that the plaintiff has established the required prima facie case.

In light of the plaintiff's failure to either establish or support the presumption, she must meet her burden of showing either that defendant is not entitled to judgment as a matter of law or that genuine issues of material fact preclude the entry of summary judgment. Plaintiff has presented numerous issues of fact, but the court finds that these issues are not material. Plaintiff has not

---

1. Plaintiff also alleges the filing of her personal EEO complaint regarding the alleged termination of her position in September 1989 constituted a second protected activity.

presented sufficient evidence to meet this burden.

The court finds that the plaintiff has not shown that there is a genuine issue of material fact in this matter. In light of plaintiff's failure to present any probative evidence, defendant is entitled to judgment as a matter of law on plaintiff's claims of sexual and racial discrimination.

Inasmuch as the court is dismissing the discrimination claim under Title VII, the court need not address the issues of the retaliation claim.

### CONCLUSION

The court hereby GRANTS the plaintiff's motion to file new evidence. Upon a full and careful review of the M & R, all available court documents to include the newly filed evidence, and the plaintiff's objection, the court finds that the findings and conclusions of the magistrate judge are in all respects proper and in accordance with the law. Accordingly, the court hereby ADOPTS the M & R as its own. The court hereby GRANTS the defendant's motion for summary judgment. The clerk is directed to close this case.

### ORDER ON MOTION TO AMEND

This matter is before the court on plaintiff's motion to amend or alter the judgment entered in this case on January 14, 1997, granting defendant's motion for summary judgment. In her motion, plaintiff, proceeding *pro se*, contends: (1) the court failed to consider her pending motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure; (2) the court failed to address plaintiff's retaliation claim; and (3) the court utilized a different prima facie case of discrimination than did Magistrate Judge Mason in the Memorandum and Recommendation. The motion for sanctions and the motion to amend or alter this court's January 14, 1997, judgment have been briefed by the parties. Therefore, this matter is ripe for adjudication.

The facts at issue in this case have been recited in the parties' briefs and in Magistrate Judge William Norton Mason's Memo-

randum and Recommendation ("M & R"). Therefore, the court will not reiterate the facts in this order, but will proceed with a discussion of plaintiff's contentions.

### DISCUSSION

#### I. Plaintiff's Motion for Sanctions

Plaintiff has correctly alerted the court that there has been no formal ruling by this court on plaintiff's motion for sanctions. As a result, the court has reviewed plaintiff's motion, and is prepared to make a ruling. In her motion for sanctions, plaintiff takes offense to defense counsel's characterization of her behavior as "insubordinate" in defendant's response to plaintiff's objections to the M & R. Although defense counsel wrote plaintiff a letter explaining that he meant only that plaintiff had a "less than cooperative attitude toward one's supervisor," plaintiff insists that the use of this term has serious consequences in the United States Postal Service. Plaintiff requests that defense counsel withdraw that statement, and she seeks sanctions in the amount of $100,-000.

Although plaintiff contests defense counsel's definition of insubordinate, the court has located a definition which defines "insubordinate" as "disobedient to authority." *Webster's Ninth New Collegiate Dictionary.* Plaintiff was requested by Eddie Chavis, Director of Human Resources, to "assume the duties and status of Ad Hoc EEO C/I ... to complete a prior counselor's report" on December 13, 1989. As plaintiff failed to complete the report without a direct order to do so, the court finds that it was not "without evidentiary support" for defense counsel to employ the term insubordinate in reference to plaintiff. *See* M & R, p. 4; Rule 11(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the court does not find that sanctions are appropriate in this instance, and plaintiff's motion for sanctions is DENIED.

#### II. Plaintiff's Retaliation Claim

In its order dated January 14, 1997, the court disposed of plaintiff's discrimination claim, but failed to consider plaintiff's retaliation claim. To establish a viable claim

for retaliation, a plaintiff must demonstrate: "(1) [she] engaged in protected activity; (2) the employer took an adverse employment action against the employee; and (3) a causal connection existed between the protected activity and the adverse action." *Egbuna v. Time–Life Libraries, Inc.*, 95 F.3d 353, 355 (4th Cir.1996) (citing *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985).) After a prima facie case is articulated, the employer must articulate a legitimate, nondiscriminatory reason for the employment action to rebut the presumption of retaliation. *Id.* The burden then shifts back to the employee to show that the employer's reason is merely pretextual. *Id.*

█ In this case, the Magistrate Judge correctly noted that the reason plaintiff was no longer used as an Ad Hoc EEO C/I was due to budget concerns. Plaintiff alleges no facts tending to establish a causal relationship between the adverse employment action and the plaintiff's filing of personal EEO complaints. Further, even if plaintiff were said to establish her prima facie case of retaliation, plaintiff still fails to satisfy the burden-shifting test as she has failed to allege facts which show that monetary concerns were merely pretext for retaliatory motive on defendant's part. Accordingly, defendant's motion for summary judgment is GRANTED as to plaintiff's retaliation claim.

### III. The Use of Different Prima Facie Tests

█ Finally, plaintiff alleges that this court's order adopted a different formulation of the prima facie test of race and sex discrimination than did the M & R, and that this "confuses this decision." True, the M & R and this court's order utilized slightly different formulations of the prima facie case for discrimination. However, even if the court were to assume that plaintiff had satisfied a prima facie case of discrimination, plaintiff would still have to establish that defendant's articulated reason, budget concerns, was merely a pretext for discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As this court noted in its earlier judgment, plaintiff has made only general assertions

that the defendant's actions were discriminatory in nature. In a Title VII case, the defendant's assertion of a legitimate, nondiscriminatory reason for an adverse employment action "elevate[s] the factual inquiry to a new level of specificity." *Stanley v. Widnall*, 72 F.3d 128, 1995 WL 729497, *5 (4th Cir.1995) (citing *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). In the instant matter, the plaintiff has failed to meet this new level of specificity. While the plaintiff may feel that defendant's actions have been discriminatory, "a subjective belief that one has been discriminated against, no matter how fervent, cannot be the sole basis of judicial relief." *Harrell v. Hutson*, 30 F.3d 129, 1994 WL 388023, *3 (4th Cir.1994) (citations omitted). Therefore, the court finds that defendant's motion for summary judgment was properly GRANTED as to this claim.

### CONCLUSION

Accordingly, plaintiff's motion for sanctions is DENIED. As the court failed to address plaintiff's retaliation claim in its earlier judgment, plaintiff's motion to amend the judgment is GRANTED. The judgment should be amended to reflect that defendant's motion for summary judgment is GRANTED as to plaintiff's retaliation claim. Finally, despite the use of different prima facie cases, the conclusion of both the M & R and this court's January 14, 1997, judgment concerning plaintiff's discrimination claims are in accordance with the law. Accordingly, plaintiff's motion to amend the judgment is DENIED with respect to these claims. As all issues in this case have been resolved, this matter is DISMISSED, and the clerk is directed to close this case.